J-S30039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THOMAS MICHAEL LUTZ-MORRISON | |
| Appellant | No. 1659 MDA 2013 |

Appeal from the Judgment of Sentence August 16, 2013
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003611-2012

BEFORE: BENDER, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED SEPTEMBER 18, 2014**

The Sexual Offender Registration and Notification Act ("SORNA")[1] requires individuals with one conviction for sexual abuse of children under 18 Pa.C.S. § 6312 to register as a Tier I sex offender for fifteen years. SORNA requires individuals with more than one conviction under section 6312 to register as a Tier III sex offender for life.

Thomas Lutz-Morrison pled guilty to three felony counts of sexual abuse of children (possession of child pornography)[2]. All three felonies took place during one criminal episode. The trial court ordered Lutz-Morrison to register as a Tier III lifetime sexual offender.

_____

[1] 42 Pa.C.S. § 9799 *et seq*.

[2] 18 Pa.C.S. § 6312(d.1).

The issue in this appeal whether SORNA's Tier III lifetime registration requirement applies to Lutz-Morrison due to his multiple convictions under section 6312, or whether SORNA's Tier I 15-year registration requirement applies because all three offenses took place during one criminal episode and his guilty plea to these offenses occurred during a single hearing.

As of this date, our Supreme Court has not handed down a binding decision on this question. Therefore, our own precedent in **Commonwealth v. Merolla**, 909 A.2d 337 (Pa.Super.2006), controls the outcome of this appeal. **Merolla** held that the defendant's *nolo contendere* pleas to two separate counts of indecent assault entered at the same time constituted two separate convictions under SORNA's predecessor (Megan's Law II), thus subjecting him to lifetime registration as a sex offender. Nothing in SORNA's language requires a different interpretation of SORNA than our construction of Megan's Law II in **Merolla.** Accordingly, we hold that SORNA's lifetime registration requirements apply to Lutz-Morrison due to his three convictions under 18 Pa.C.S. § 6312.

The trial court summarized the relevant factual and procedural history as follows:

> On October 6, 2011, Detective Bradley Ortenzi of the Ephrata Police Department identified the IP address of a computer on which known child pornography files had been found through a search of the Gnutella (a P2P network) network. On December 1, 2011, Det. Ortenzi notified Detective

Keith Neff of the East Cocalico Police Department of the files he had found, as well as the IP address and other identifying information for the computer. Through investigation, Det. Neff learned the address of the subscriber for the IP address corresponding to the computer. The address fell within the jurisdiction of the Manheim Township Police Department and the investigation was assigned to Detective Sergeant Keith Kreider.

On February 24, 2012, Det. Sgt. Kreider prepared a search warrant for the residence that was signed by MDJ Sponaugle. On March 2, 2012, Det. Sgt. Kreider executed the search warrant and seized four computer systems and an Apple [i]Phone. A forensic examination conducted on the computer systems resulted in the identification of 142 child pornography videos and 45 child pornography images from the computer and 15 child pornography images from the Apple [i]Phone. On March 2, 2012, Dets. Ortenzi and Neff met with [Lutz-Morrison] and, after **Miranda**[3] warnings were issued, [Lutz-Morrison] admitted to downloading and saving child pornography files for his personal use and gratification.

[Lutz-Morrison] was charged with 77 counts of Sexual Abuse of Children — Possession of Child Pornography. On August 16, 2013, [Lutz-Morrison] pled guilty to three counts of Possession of Child Pornography. He was sentenced to a year of probation on each count, with the sentences to run consecutively. He was also informed of his status as a Tier III offender under the [SORNA,] also known as 'Megan's Law,' and the corresponding lifetime registration requirements. The instant appeal followed.

Trial Court Opinion ("Opinion"), at 1-2 (internal citations omitted).

_____

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

- 3 -

Lutz-Morrison filed a timely appeal and a timely Pa.R.A.P. 1925(b) statement asserting the trial court erred by classifying him as a Tier III offender rather than a Tier I offender when he pled guilty to the aforementioned three counts in the context of a single nonviolent criminal episode. The trial court has also complied with Rule 1925. The sole issue in Lutz-Morrison's brief on appeal is whether he is subject to the lifetime reporting requirements under 42 Pa.C.S. § 9799.15. This issue presents a question of law as to statutory interpretation. Our scope of review is plenary, and our standard of review is *de novo*. **Commonwealth v. Gerald**, 47 A.3d 858, 859 (Pa.Super.2012).

The object of statutory interpretation is to ascertain the intention of the General Assembly, and the plain language of the statute is generally the best indicator of such intent. 1 Pa.C.S. § 1921(a), (b). The words of a statute shall be construed according to rules of grammar and according to their common and approved usage. 1 Pa.C.S. § 1903(a). We will only look beyond the plain meaning of the statute where the words of the statute are unclear or ambiguous. 1 Pa.C.S. § 1921(c); **see also Commonwealth v. Diodoro**, 970 A.2d 1100, 1106 (Pa.2009). Every statute shall be construed, if possible, to give effect to all its provisions, and when ascertaining legislative intent, there is a presumption that the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable. 1 Pa.C.S. § 1922(1).

If, however, the plain language of a statute reveals ambiguity, then we may look beyond the plain meaning of the statute. *See* 1 Pa.C.S. § 1921(c); *Diodoro,* 970 A.2d at 1106. We employ a number of tools to facilitate interpretation, including the occasion and necessity for the statute; the circumstances under which it was enacted; the mischief to be remedied; the object to be attained; former law, if any, including other statutes upon the same or similar subjects; the consequences of a particular interpretation; the contemporaneous legislative history; and any available legislative and administrative interpretations of the statute in question. 1 Pa.C.S. § 1921(c).

SORNA has three legislative predecessors: Megan's Law, which our Supreme Court held unconstitutional in 1999 in *Commonwealth v. Williams,* 733 A.2d 593 (Pa.1999); Megan's Law II, which our Supreme Court found constitutional in *Commonwealth v. Williams,* 832 A.2d 962 (Pa.2003); and Megan's Law III, which took effect in January 2005. Finally, on December 20, 2011, the legislature enacted SORNA, which became effective on December 20, 2012. SORNA requires offenders to register with state police and notify community authorities in the area where they reside. 42 Pa.C.S. § 9799.15. The time period for which a particular offender must register depends on whether he has been convicted of a Tier I, Tier II, or Tier III sexual offense. *Id.*

An individual convicted of a Tier I sexual offense must register as a sex offender for a period of 15 years. 42 Pa.C.S.A. § 9799.15(a)(1). The crime for which Lutz-Morrison pled guilty, sexual abuse of children – possession of child pornography, 18 Pa.C.S. § 6312(d.1), is a Tier I sexual offense. 42 Pa.C.S.A. § 9799.14(b)(9).

SORNA defines a Tier III offense as "[t]wo or more convictions of offenses listed as Tier I or Tier II sexual offenses". 42 Pa.C.S. § 9799.14(d)(16). A Tier III offender must register as a sex offender for life. 42 Pa.C.S. § 9799.15(a)(3).

Lutz-Morrison pled guilty to three separate counts of possession of child pornography. The Commonwealth argues that Lutz-Morrison's guilty plea for each separate act, "which constituted a separate criminal offense once it was accepted by the [t]rial [c]ourt and sentence was imposed, became a conviction for that offense." Commonwealth's Brief at 5. The Commonwealth further argues that Lutz-Morrison has "two [or] more convictions for an offense listed as Tier I and is consequently a Tier III sexual offender [] subject to lifetime registration requirements." *Id*. Lutz-Morrison argues that SORNA's lifetime registration requirement should not apply where, as here, the prosecuted offenses and resulting convictions arose from a single proceeding. He further contends that the trial court erred by imposing the lifetime registration requirement because he pled guilty to three counts of sexual abuse of children at the same time and,

thus, his convictions should be viewed as a singular conviction for SORNA purposes.

As of this date, our Supreme Court has not issued a definitive decision on this subject. Two years ago, the Court, with only six Justices participating, deadlocked 3-3 on a similar question. *Commonwealth v. Gehris*, 54 A.3d 862 (Pa.2012). There, the adult defendant

> repeatedly engaged in communications of an explicit sexual nature regarding an individual whom he believed to be a 13–year–old girl. In these conversations, he graphically detailed his fantasies of having sexual encounters with a young girl, solicited nude pictures of the person he thought was the 13–year–old girl, mailed a digital camera with a picture of his penis loaded therein to the person he thought was the 13–year–old girl, methodically arranged a meeting with the person he believed to be the 13–year–old girl at a motel room over 200 miles away from his home, and drove continuously for an entire day specifically to have sex in the motel room with both the person he thought was the 13–year–old girl, and the person whom he believed to be her 19–year–old friend.

*Id*. at 862 (opinion in support of affirmance) ("OISA"). The defendant pled guilty to **(1)** criminal solicitation for the sexual exploitation of children in violation of 18 Pa.C.S. §§ 902(a) and 6320 for soliciting the state officer whom be believed to be a 19-year-old to procure the 13-year-old for sexual exploitation; **(2)** criminal solicitation for the sexual abuse of children in violation of sections 902(a) and 6312 for soliciting the state officer whom be believed to be a 19-year-old to obtain nude photographs of the 13-year-old; **(3)** criminal solicitation for the corruption of a minor in violation of section

902(a) and 18 Pa.C.S. § 6301(a) for soliciting the state officer whom be believed to be a 19-year-old to obtain a 13-year-old for sexual activity; and **(4)** criminal attempt of the corruption of a minor in violation of 18 Pa.C.S. § 901 and section 6301(a), for driving to the motel to engage in the planned sexual activity.  Because Gehris was guilty of both the criminal solicitation for the sexual exploitation of children and criminal solicitation for the sexual abuse of children, the trial court found that he was subject to the lifetime registration requirement of former section 9795.1(b)(1) of the Sentencing Code (Megan's Law II).

Former section 9795.1(a) of Megan's Law II prescribed that an individual convicted of a "Tier I" sexual offense must register as a sex offender for a period of 10 years.  Each of the offenses to which the defendant pled guilty was a Tier I offense.  However, former section 9795.1(b) provided that "an individual with two or more convictions of any of the offenses set forth in subsection (a)," i.e., two or more Tier I offenses, was subject to lifetime registration.

Justice Todd, joined by Justices Eakin and McCaffery, opined in the OISA that the defendant, who stood convicted of more than one Tier I offense, was required under the plain language of section 9795.1(b) to register as a lifetime sex offender:

> The plain language of Section 9795.1(b)(1) specifies:
> 'The following individuals shall be subject to lifetime registration: (1) An individual with two or more convictions of any of the offenses set forth in

subsection (a).' This language, when viewed in accordance with its commonly understood and ordinary meaning, requires any individual who is convicted two or more times of the particular offenses set forth in subsection (a) to register for life. Relevant to the question of whether the legislature intended to require lifetime registration in situations where the multiple convictions stemmed from acts which were part of one criminal episode, I deem the legislature, through the use of the unadorned language, '[a]n individual with two or more convictions of any of the offenses set forth in subsection (a),' to have elected not to require any particular sequential or temporal ordering of the multiple convictions in order for the lifetime registration requirements to apply. Rather, the legislature simply mandated that, at the point in time at which a defendant acquires two or more convictions for specified sexual offenses against children, the registration requirement is triggered. Since the legislature decided not to include language implicating the timing of the convictions, I do not believe we may judicially engraft such a requirement.

*Id. at* 866. Chief Justice Castille, joined by Justices Saylor and Baer, reasoned in an opinion in support of reversal ("OISR") that a "defendant convicted of 'two or more' [Tier I] offenses [is] subject to the lesser sanction of the ten-year registration requirement so long as it is clear that the offenses were part of the same course of criminal conduct." *Id.* at 879. Chief Justice Castille wrote:

Without in any way condoning the criminal conduct that led appellant to his current circumstances, we would conclude that the record in this case directs application of the ten-year registration requirement. Appellant's two Megan's Law offenses were nonviolent, perhaps triggered by situational problems in his marriage and career, and arose out

- 9 -

of the same course of conduct, which ultimately did not result in direct harm to any actual victims. Appellant had no criminal past, much less a history of Megan's Law offenses, and was taken into custody without resisting. In open court, he expressed remorse and regret and accepted responsibility for his actions. He voluntarily undertook psychotherapy and has embraced the treatment, was not found to be a sexually violent predator and, in fact, was described by a former SOAB member as a good candidate for rehabilitation. It is true that appellant was convicted of 'two or more' Megan's Law subsection (a) offenses, and without consideration of how this statutory scheme falls within the sphere of recidivist philosophy legislation detailed above, a strict, mechanical application of Section 9795.1(b) would result in imposition of the lifetime registration requirement. But, we would conclude that Section 9795.1 embodies the recidivist philosophy and reflects a belief that first-time and lesser offenders are capable of reform and rehabilitation if given an opportunity to do so under the still-punitive aegis of relatively lighter discipline, as well as the threat of harsher treatment next time, should there be a next time.

*Id.*

Since **Gehris** resulted in a 3-3 decision, it is not binding precedent. **Commonwealth v. Covil**, 378 A.2d 841, 844 (Pa.1977) (opinion of affirmance of equally divided court has no precedential value).

In July 2013, the Supreme Court granted *allocatur* in **Commonwealth v. Mielnicki,** 45 MAP 2013, to address the same issue that deadlocked the **Gehris** court. The defendant in **Mielnicki** pled guilty to five counts of sexual abuse of children, 18 Pa.C.S. § 6312(d), for possession of child pornography between December 8, 2009 and February 10, 2010. **See**

*Commonwealth v. Mielnicki,* 721 EDA 2011, slip op., p. 2 (Pa.Super., June 13, 2012). The trial court found that the defendant was subject to the lifetime registration requirement of former section 9795.1(b)(1) of the Sentencing Code (Megan's Law II). The defendant appealed to this Court and argued that the trial court erred by ordering lifetime registration when (1) he had no prior convictions predating the current offenses, and (2) he "concurrently pled guilty to multiple counts of a crime stemming from a single investigation, bill of information and prosecution." *Id*. at 2-3. Relying on *Merolla*, a panel of this Court held that under the plain language of section 9795.1, the defendant was required to register as a lifetime offender because he had more than one conviction for a Tier I offense, even though the charges emanated from a single criminal episode and he pled guilty to these offenses during the same plea hearing. *Id*. at 3-4.

The parties in *Mielnicki* have fully briefed the Megan's Law issue in the Supreme Court and have advocated their positions at oral argument. The Court's decision is pending.

In the absence of binding authority from the Supreme Court, our decision in *Merolla* continues to remain precedential authority. We held in *Merolla* that where the defendant pled *nolo contendere* to two separate counts of indecent assault, albeit at the same plea hearing, he had two convictions of that offense for purposes of Section 9795.1. The plain language of section 9795.1, we observed, requires a defendant who is

- 11 -

convicted of more than one Tier I offense to register as a lifetime offender, even if both convictions take place at the same hearing. We distinguished the Supreme Court's decision in **Commonwealth v. Shiffler**, 879 A.2d 185 (2005), which held that the mandatory minimum sentence requirement of the Three Strikes Statute[4] embodies a recidivist philosophy under which a defendant could not be sentenced as a repeat offender unless he (1) committed a first offense, *then* (2) was convicted and sentenced for the first offense, *then* (3) committed a second offense, and *then* (4) was convicted and sentenced for the second offense. *Id*. at 347. We reasoned that the language and purpose of section 9795.1 and the Three Strikes Law are different:

> [T]he Three Strikes Statute applies '[w]here the person had at the time of the commission of the current offense **previously** been convicted of two or more such crimes . . .' 42 Pa.C.S.A. § 9714(a)(2) (emphasis added). Thus, the language of Megan's Law II is distinguishable from the language of the Three Strikes Statute as Megan's Law II does not require a previous conviction. Moreover, the legislative intent behind Megan's Law II is distinct from that of the Three Strikes Statute. Whereas Megan's Law II is based on concern for public safety, the Three Strikes Statute, although it also implicates public safety, is directed to heightening punishment for criminals who have failed to benefit from the effects of penal discipl[ine] . . . .

_____

[4] 42 Pa.C.S. § 9714.

- 12 -

*Id.,* 909 A.2d at 346-47. Simply put, Megan's Law II, unlike the Three Strikes Law, did not embody a recidivist philosophy.

Our reasoning with regard to Megan's Law II in *Merolla* applies with equal force to SORNA. As was the case with Megan's Law II, SORNA's plain language does not embody a recidivist philosophy. SORNA simply provides that defendants with multiple convictions for Tier I sexual offenses are Tier III offenders who must register as sexual offenders for life. 42 Pa.C.S. §§ 9799.14, 9799.15. Therefore, based on *Merolla's* reasoning, we hold that Lutz-Morrison must register as a lifetime offender under SORNA due to his three convictions for sexual abuse of children under 18 Pa.C.S. § 6312[5].

_____

[5] Recently, in *A.S. v. Pennsylvania State Police*, 87 A.3d 914 (Pa.Cmwlth.2014) (en banc), a 21-year-old adult male pled guilty to two sexual offenses relating to a 16-year-old minor arising from a single criminal episode. *Id.* at 921-22. The defendant

> admitted that he met the victim online, developed a relationship with her which led to consensual sex, and that he persuaded the victim to take photographs of herself in various sexual positions with her digital camera. He also used the minor's digital camera to photograph the two engaging in sexual relations.

*Id.* at 916. The Commonwealth Court held, 5-2, that the Tier I 15-year registration requirement applied to the defendant, agreeing with OISR's interpretation of SORNA in *Gehris*.

We decline to follow *A.S.*, because Commonwealth Court decisions are not binding on this Court, *Commonwealth v. Rodriguez*, 81 A.3d 103, 107 n. 7 (Pa.Super.2013), and because we are bound by our decision in *Merolla* for the reasons given above.

- 13 -

Order affirmed.

PJE Bender joins in the memorandum.

Judge Mundy concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/18/2014