J-S36044-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM K. WALTERS, | : | |
| | : | |
| Appellant | : | No. 242 WDA 2015 |

Appeal from the Judgment of Sentence Entered February 2, 2015,
in the Court of Common Pleas of Butler County,
Criminal Division, at No(s): CP-10-CR-0002183-2008

BEFORE:   PANELLA, JENKINS, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED AUGUST 21, 2015**

William K. Walters (Appellant) appeals from the judgment of sentence entered February 2, 2015, following the revocation of his probation.  We affirm.

Upon review of the certified record, we set forth the relevant facts and procedural history of this case as follows.  On June 28, 2010, Appellant pled *nolo contendere* to one count of aggravated indecent assault, 42 Pa.C.S. §3125(a)(6).  Following an assessment and hearing, Appellant was classified as a sexually violent predator (SVP).  Appellant was subsequently sentenced to 24 to 48 months of imprisonment, with a 72-month period of state probation following his release from incarceration.

At the conclusion of his imprisonment, Appellant was released into probationary supervision on October 9, 2014.  On December 24, 2014,

*Retired Senior Judge assigned to the Superior Court.

pursuant to a request from the Butler County Adult Probation Office, a *capias* was issued alleging that Appellant committed violations of his state probation plan: possession of pornography, driving without a license, and failure to attend treatment. Capias and Order, 12/24/2014.

Thereafter, Appellant appeared in court for a **Gagnon I**[1] hearing on January 23, 2015. The trial court summarized the proceeding as follows:

> [T]he Commonwealth presented the testimony of [Appellant's] State Probation Officer, Renee Wetzel. On October 8, 2014, following release from incarceration, [Appellant] was given instruction to within five days contact Project Point of Light in order to make arrangements for assessment and counseling. While [Appellant] had an assessment on November 18, 2014, he did not begin counseling until December 6, 2014. He did report to Point of Light on December 2, 2014. According to Probation Officer Wetzel, [Appellant] was required to attend counseling every Tuesday evening in Shippenville, Pennsylvania. Before being detained on December 22, 2014, [Appellant] failed to attend counseling on December 9, 2014 and December 16, 2014.
>
> [Wetzel] also testified that on October 28, 2014, [Appellant] signed a form that set forth the conditions of probation for sex offenders. The form included instruction that [Appellant] was not [to] be looking at or viewing pornography or any sexually explicit materials. On December 22, 2014, [Wetzel] received an anonymous tip that there was pornography at [Appellant's] residence, including possible child pornography. As a result of the tip, [Wetzel] went to [Appellant's] residence in order to search for pornography. Located on a nightstand inside [Appellant's] bedroom was a tablet. When the tablet was swiped, images of hardcore pornography immediately appeared. [Wetzel] also discovered inside the residence two other computers. Each contained images of pornography. One of the

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

computers included images of bestiality and possibly contained images of child pornography.

While acknowledging that [Appellant] lived with his mother and his girlfriend, the latter of whom shared [Appellant's] bedroom, [Wetzel] testified that [Appellant] admitted that he had access to all three of the electronic devices that contained the pornographic images. [Wetzel] also testified without objection that witnesses had informed her that they had observed [Appellant] on the computers viewing pornography.

Trial Court Opinion, 2/20/2015, at 1-2 (pages unnumbered).

Based on the foregoing, the trial court found Appellant to be in violation of his probation. N.T., 1/23/2015, at 17; Pa.R.Crim.P. 708(B). On February 2, 2015, following a *Gagnon II* hearing,[2] Appellant's probation was revoked, and the trial court sentenced him to 12 to 24 months of incarceration, followed by a consecutive 48-month period of probation.

Appellant filed no motions following the revocation hearing but timely filed a notice of appeal. Both Appellant and the trial court complied with

---

[2] As neither party challenges it, we only note the procedural irregularity of the *Gagnon* hearings. Unlike a typical *Gagnon II* hearing, where a determination is made as to whether sufficient facts exist to justify revocation, in the case *sub judice*, the trial court complied with the requirements of a *Gagnon II* hearing on January 23, 2015, the same day it determined that the Commonwealth presented sufficient evidence to establish probable cause as required by *Gagnon I*. *See Commonwealth. v. Sims*, 770 A.2d 346, 349 (Pa. 2001) (explaining that where a finding of probable cause is made "a second, more comprehensive hearing, a *Gagnon II* hearing, is required before a final revocation decision can be made"). However, because Appellant was given a full and fair opportunity to cross-examine the witness presented by the Commonwealth, and was offered the opportunity to testify on his own behalf, we find no prejudice.

Pa.R.A.P. 1925. On appeal, Appellant challenges the weight and sufficiency of the evidence to revoke his probation. *See* Appellant's Brief at 6.

At the outset, we highlight the only cognizable issues for appeal following the imposition of sentence after probation revocation: the "validity of the revocation proceedings and the legality of the sentence imposed following revocation." *Commonwealth v. Ortega*, 995 A.2d 879, 884 (Pa. Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1211 (2011). Moreover,

> [r]evocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct..

*Commonwealth v. Perreault*, 930 A.2d 553, 557-58 (Pa. Super. 2007) (internal citations omitted).

Instantly, Appellant's question challenges the first prong of the Commonwealth's burden under *Perreault*: whether the evidence was sufficient to establish that his conduct violated the terms and conditions of his probation. "A challenge to the sufficiency of the evidence is a question of law subject to plenary review." *Id.* Thus,

> [w]e must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses. A reviewing

- 4 -

court may not weigh the evidence or substitute its judgment for that of the trial court.

*Id.* (citation omitted). The record must establish by a preponderance of the evidence that the Commonwealth presented evidence sufficient to prove that the defendant committed each of the violations upon which revocation of his probation is to be based, as well as his unsuitability to remain on probation. *See id.* The Commonwealth's burden of proof is diminished from that required for conviction of the underlying offense; nevertheless, a trial court's order revoking probation must be based on probative evidence. *Commonwealth v. Allshouse*, 969 A.2d 1236, 1241 (Pa. Super. 2009); *Commonwealth v. Ferguson*, 761 A.2d 613, 617 (Pa. Super. 2000).

We begin our discussion by addressing Appellant's claim that the evidence was insufficient to prove, by a preponderance of the evidence, that Appellant possessed pornography. Specifically, Appellant argues that the evidence proffered only established that Appellant had access to the electronic devices, not that he "viewed, downloaded, or otherwise possessed any type of pornography." Appellant's Brief at 13.

However, as our Supreme Court has established, access to pornography may be sufficient to establish possession. ***See Commonwealth v. Diodoro***, 970 A.2d 1100, 1108 (Pa. 2009) (holding that "accessing and viewing child pornography over the Internet constitutes

'control' of such pornography under 18 Pa.C.S. § 6312(d)"). This holding is congruous with the legal theory of constructive possession:

> Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

***Commonwealth v. Thompson***, 779 A.2d 1195, 1199 (Pa. Super. 2001) (quotations and citation omitted).

At the revocation hearing Wetzel testified that upon entering Appellant's residence, she discovered three devices containing pornography, specifically detecting images of bestiality and hardcore pornography. N.T., 1/23/2015, at 7-8. Wetzel further testified that Appellant admitted to her that he had access to all three devices; she also gathered witness statements from individuals attesting that they "observed [Appellant] on those computers viewing pornography." ***Id.*** at 13. Thus, we agree with the trial court that the totality of these circumstances—Wetzel's testimony coupled with the discovery of multiple devices depicting pornographic images, including one located next to Appellant's bed—establish by a preponderance of the evidence that Appellant did indeed possess, or constructively possess, pornography in violation of his probation conditions. In light of this evidence, Appellant's sufficiency challenge fails.

We next turn to Appellant's assertion that the evidence was insufficient to prove he violated his probation terms by driving without a license. Appellant's Brief at 14. To the extent Appellant contends that the lack of evidence for this alleged violation warrants a reversal, we note that the trial court did not rely on this alleged violation when revoking his probation.[3] Moreover, read plainly, the Commonwealth needed only demonstrate that the probationer violated any of the terms and conditions of his probation. **Perreault**, 930 A.2d at 557-58. Accordingly, because the Commonwealth established a valid violation, and the revocation court did not base the revocation upon the alleged driving without a license violation, this argument does not entitle Appellant to relief.

Lastly, Appellant argues that the evidence was insufficient to support a finding that he violated his probation by not attending treatment. Appellant's Brief at 14-15. To the extent Appellant tenders his indigency as a justification for this probation violation, we reject this argument; regardless of his reasoning for not attending treatment sessions, Appellant still violated a clear condition of his probation.[4]

---

[3] Trial Court Opinion, 2/20/2015, at 2 (pages unnumbered) ("[Appellant] violated the terms of his probation by failing [to] attend counseling as directed and by viewing pornography.").

[4] Moreover, the subsection of the Sexual Offender Registration and Notification Act Appellant relies on provides him no relief, as the burden of proving indigency does not lie with the Pennsylvania Bureau of Probation and

After reviewing the evidence presented in the light most favorable to the Commonwealth, we are satisfied that the unrebutted testimony of Wetzel proved by a preponderance of the evidence that Appellant twice violated a condition of his probation by failing to appear for treatment. N.T., 1/23/2015, at 5-6.

We now address Appellant's argument challenging the weight of the evidence. Appellant has effectively abandoned this issue by failing to develop any argument supported by pertinent authority. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (holding issue waived for failure to develop); Pa.R.A.P. 2119(a). Even had he not waived this issue, such a challenge is untenable in the context of a probation revocation.[5] The standards for a violation of probation (VOP) hearing are markedly different from a trial, as a VOP hearing "takes place without a jury,

---

Parole; nor does indigency operate as an excuse for not attending treatment. Specifically, the statute states that if the sexually violent predator can prove that he or she "cannot afford to pay for the counseling sessions, the sexually violent predator **shall nonetheless attend the counseling sessions**, and the parole office shall pay the requisite fees." 42 Pa.C.S. § 9799.36(a) (emphasis added).

[5] In the similar context of a violation of parole hearing, this Court, discussing conflicts in witness testimony, has found "no authority for appellant's assumption that a challenge to the weight of the evidence may properly be entertained on appeal from parole revocation by the trial court." *Commonwealth v. McDermott*, 547 A.2d 1236, 1246 (Pa. Super. 1988) (citations omitted). In *McDermott*, the Court reasoned that the trial court had not abused its discretion, as the conflicts in question raised issues of credibility, which were for the finder of fact to resolve. *Id.* This reasoning is also appropriate here, in a probation revocation hearing.

with a lower burden of proof, and with fewer due process protections."

**_Commonwealth v. Mullins_**, 918 A.2d 82, 85 (Pa. 2007) (citation omitted).

Accordingly, had Appellant not waived his weight claim, he would still not be

entitled to relief.

Our review of the certified record confirms adequate evidentiary

support for the trial court's findings. Accordingly, we affirm Appellant's

judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015