**[J-30-2024] [MO: McCaffery, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 96 MAP 2023 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 160 MDA |
| | : | 2022 dated January 6, 2023 |
| v. | : | Affirming the Judgment of Sentence |
| | : | of the Dauphin County Court of |
| | : | Common Pleas, Criminal Division, |
| MICHAEL L. STRUNK, | : | at No. CP-22-CR-0000106-2020 |
| | : | dated December 1, 2021. |
| Appellant | : | |
| | : | ARGUED: April 10, 2024 |

## DISSENTING OPINION

**JUSTICE MUNDY**                                        **DECIDED: October 24, 2024**

Pursuant to 18 Pa.C.S. § 6318, a person commits the offense of unlawful contact with a minor if he "is intentionally in contact with a minor . . . for the purpose of engaging in" certain sexual-related offenses, as identified in the statute. 18 Pa.C.S. § 6318(a). Pertinently, Section 6318 defines "contacts" as "[d]irect or indirect contact or communication by any means, method or device, including contact or communication in person or through[, *inter alia*,] an agent or agency[.]" 18 Pa.C.S. § 6318(c). In this case, Strunk was charged with numerous sexual-related offenses after he was accused of assaulting the daughter of his long-term paramour. At trial, the victim provided detailed testimony, relaying that on three separate occasions, Strunk removed articles of her clothing and committed lewd and unwanted acts on her. He was subsequently convicted of several crimes, including unlawful contact with a minor.

Following an unsuccessful direct appeal, this Court granted allocatur to consider whether a conviction for unlawful contact with a minor may stand where, as here, the accused did not verbally communicate with the complainant prior to committing a Section 6318 enumerated offense. The majority vacates Strunk's unlawful contact with a minor conviction, finding that the evidence failed to prove that Strunk communicated with the victim for the purpose of facilitating the assaults. Because I disagree with the majority's interpretation of Section 6318 and the conduct it encompasses, I dissent.

To reiterate, Section 6318 criminalizes certain intentional contact with a minor and defines "contacts" as "[d]irect or indirect **contact or communication by any means,** method or device, including contact or communication in person or through[, *inter alia*,] an agent or agency[.]" 18 Pa.C.S. § 6318(c) (emphasis added). As the resolution of the aforementioned issue necessarily involves statutory construction, I observe the following well-settled principles.

The object of all statutory interpretation "is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "In construing the language within a statute, we must give effect to every word of the statute." *S & H Transport, Inc. v. City of York*, 140 A.3d 1, 7 (Pa. 2016). "This Court may not ignore the language of a statute, nor may we deem any language to be superfluous." *Bayview Loan Servicing, LLC v. Lindsay*, 185 A.3d 307, 312 (Pa. 2018) (internal quotation mark omitted). *See also Frazier v. W.C.A.B. (Bayada Nurses, Inc.)*, 52 A.3d 241, 245 (Pa. 2012) ("[T]his Court should construe statutes to give effect to all of their provisions, and should not ignore language nor render any portion of the statute superfluous.").

Relatedly, a word should be construed "according to its common and approved meaning. *See* 1 Pa.C.S. § 1903(a). The common and approved meaning of a word or phrase is appropriately gleaned from dictionary definitions." *Commonwealth v. Chisebwe*,

310 A.3d 262, 269 (Pa. 2024). When words of a statute are not explicit, the Statutory Construction Act "specifically authorizes consideration of legislative history[.]" *Bd. of Revision of Taxes, City of Philadelphia v. City of Philadelphia*, 4 A.3d 610, 625 (Pa. 2010). *See also Commonwealth v. Lehman*, 311 A.3d 1034, 1044 (Pa. 2024) ("When the statutory language is ambiguous, [] we may ascertain the General Assembly's intent by considering the factors set forth in Section 1921(c) of the Statutory Construction Act and other rules of statutory construction" (footnote omitted).The majority, undoubtedly well-versed in these rules, finds that the language of the statute is ambiguous. Majority Opinion at 30-31. I agree. However, my agreement with the lead opinion begins and ends there, as the majority opines that Strunk is entitled to relief because "there is no indication that Pennsylvania courts" have applied the terms "contacts" and "communicates with" as "separate concepts." Majority Opinion, at 24.

Irrespective of its previous applications, placement of the disjunctive "or" in the definition of "contacts" is important, as it indicates that the statute criminalizes more than just verbal communication. *See e.g.*, *In re Paulmier*, 937 A.2d 364, 373 (Pa. 2007) ("The word 'or' is defined as a conjunction used to connect words, phrases, or clauses representing alternatives. In other words, 'or' is disjunctive. It means one or the other of two or more alternatives" (citation and some quotation marks omitted)). Indeed, had the legislature intended the offense of unlawful contact with a minor to encompass only communication in the traditional sense, as the majority seemingly suggests, it would not have needed to include the term "contact." In fact, this Court, when addressing the insertion of the disjunctive "or" in a different statute, explained that it was reasonable to conclude that the General Assembly employed certain related terms "in the disjunctive purposefully and that they were meant to have different applications." *Commonwealth v. Diodoro*, 970 A.2d 1100, 1107 (Pa. 2009). This is because, we explained, "[i]t would be

nonsensical to assume that it was the intention of the General Assembly to have utilized two terms— 'possession' and 'control' — interchangeably."[1] *Id.*

In this regard, we must determine what the General Legislature meant when it used the terms "contact" and "communication." Communication is traditionally understood as "a verbal or written message." *See* www.merriam-webster.com/dictionary/communication, last accessed June 25, 2024. While contact can have several meanings, its use within the context of the statute indicates the legislature meant the term to mean "in/into contact with[.]" Merriam-Webster's Dictionary defines the idiom "come in/into contact with" as: (1) "to touch (something)[;]" and (2) "to see and begin communicating with (someone)[.]" *See* https://www.merriam-webster.com/dictionary/come%20in/into%20contact%20with, last accessed June 25, 2024. As the term "contact" must mean something different than the term "communicate,"

---

[1] The concurrence acknowledges that "it is not at all unreasonable to conclude that, when criminalizing 'contact' with a minor, a legislature might want to prohibit either communicating with a minor in order to facilitate a sinister objective, **the physical touching of a minor by an adult, or both**." Concurring Opinion at 4-5 (emphasis added). Despite this concession, the concurrence insists that Section 6318's definition of "contact' "speaks only about forms of communication" and "says nothing—not one word—about physical contact between an adult and a minor." *Id.* at 5. In my view, such an interpretation can only stand if one ignores the placement of the disjunctive "or" in the operative language. *See* 18 Pa.C.S. § 6318(c) (defining "contacts" as "**[d]irect or indirect contact or** communication **by any means**, method or device, **including** contact or communication in person or through[, *inter alia*,] an agent or agency[.]" (emphasis added)). But as the concurrence is surely aware, doing so would offend the well-settled principles of statutory construction and render "direct or indirect contact" superfluous. *See Ball v. Chapman*, 289 A.3d 1, 26-27 (Pa. 2023) (Wecht, J.) (explaining that "the rule against superfluities . . . instructs courts to construe a statute's language so that effect is given to all its provisions, [and] so that no part will be inoperative or superfluous, void or insignificant" (footnote and internal quotation marks omitted)); *Bindas v. Dep't of Transportation*, 302 A.3d 644, 656 (Pa. 2023) (Wecht, J.) (acknowledging that courts "are not permitted to ignore the language of a statute, nor may we deem any language to be superfluous.").

*see Diodoro, supra*, it is reasonable to include that the statute encompasses more than verbal or written communications.[2]

With these important precepts in mind, I note that in the instant matter, the victim testified extensively at trial, stating, in relevant part, that prior to committing the sexual assaults, Strunk made contact with her by removing or pulling down articles of her clothing. *See* N.T., 7/22/21, at 61-62 (describing the moment that her pants and underwear were pulled down by Strunk prior to him penetrating her without her consent). In my view, this evidence, establishing that Strunk engaged in contact with the victim prior to the assaults themselves, was sufficient to prove each element of Section 6318.

This determination, which is similar to the Superior Court's findings, is also consistent with prior decisions that tackled the same question, *see e.g.*, *Commonwealth v. Velez*, 51 A.3d 260, 267 (Pa. Super. 2012) (finding evidence sufficient to sustain conviction for unlawful contact with a minor where the "victim would not have had her pants removed and her [knees in the air] absent previous contact by [the a]ppellant, either verbal **or physical**" (emphasis added)) and gives the appropriate credence to each provision of the statute. *See Chapman*, *supra*. As such, I would hold that a violation of Section 6318 does not require proof of verbal communication but can be satisfied by evidence of physical contact with the victim beyond the contact that is encompassed in the predicate offense.

For these reasons, I dissent.

---

[2] Finding "contact" to mean "communicative behavior not otherwise covered by the Crimes Code[,]" *see* Majority Opinion at 2; Concurring Opinion at 8-9, the majority and concurrence list a litany of actions that they believe satisfy this definition. In my view, it is incongruent to conclude that physical touch, undoubtedly a form of communication and contact, must be excluded simply because other statutes criminalize similar actions.