J-S10013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES P. MCNULTY | |
| Appellant | No. 1767 EDA 2015 |

Appeal from the Judgment of Sentence May 28, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003422-2014

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 04, 2016**

Appellant, James P. McNulty, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his convictions of two counts of dissemination of child pornography, one count of criminal use of communication facility, and fifty counts of possession of child pornography.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issue for our review:

_____

[1] 18 Pa.C.S.A. §§ 6312(c), 7512(a), and 6312(d), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

WHETHER THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO PROVE THAT APPELLANT COMMITTED DISSEMINATION OF PHOTOS OF CHILD SEX ACTS, ONE COUNT OF CRIMINAL USE OF COMMUNICATION FACILITY, AND FIFTY COUNTS OF POSSESSION OF CHILD PORNOGRAPHY[,] THE [LOCATION] WHERE APPELLANT KNOWINGLY DISSEMINATED AND POSSESSED COMPUTER DEPICTIONS OF CHILDREN UNDER THE AGE OF 18 OR THAT HE USED OR CONTROLLED A COMPUTER OR THE IMAGES OF CHILD PORNOGRAPHY[?]

(Appellant's Brief at 5).[2]

A challenge to the sufficiency of the evidence implicates the following

legal principles:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the

_____

[2] To the extent Appellant challenges the sufficiency of the evidence for his criminal use of communication facility conviction, Appellant failed to raise this issue in his Rule 1925(b) statement. Appellant's failure to raise this issue before the trial court explains why the court's opinion addressed the sufficiency of the evidence only for Appellant's dissemination of child pornography and possession of child pornography convictions. Additionally, Appellant's failure to raise this issue in his Rule 1925(b) statement constitutes waiver of the issue on appeal. *See Commonwealth v. Poncala*, 915 A.2d 97, 100 (Pa.Super. 2006), *appeal denied*, 594 Pa. 678, 932 A.2d 1287 (2007) (explaining failure to raise issue in court-ordered Rule 1925(b) statement results in waiver of issue on appeal).

combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Barbara A. McDermott, we conclude Appellant's issue on appeal merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed August 7, 2015, at 7-12) (finding: facts established Appellant's control over entire residence at 743 Watkins Street where agents discovered child pornography; specifically, Appellant confirmed he and his brother were only occupants of that address, search of Pennsylvania Justice Network verified that Appellant and his brother resided at that address, and agents recovered personal documents in Appellant's name from computer desk at that address; facts also established Appellant knowingly possessed and controlled child pornography found on computers at 743 Watkins Street; search of computers seized from dining room at that address revealed 4 personal documents in Appellant's

name, 508 child pornography images, 3 child pornography videos, and 100 link files indicative of child pornography; search of computers seized from Appellant's bedroom at that address revealed video of Appellant titled "MeInCoat," photo of Appellant titled "FacePic," 844 child pornography images, and 2 videos indicative of child pornography; importantly, 956 of 1466 child pornography files found on computers seized from that address were stored under usernames marked "JAMES" and no child pornography files were discovered under usernames "JUSTIN"; of 510 child pornography files stored under generic usernames, agents discovered items on those computers that identified Appellant as user; additionally, evidence established Appellant had intent to exercise control over child pornography files; specifically, Appellant made several comments in presence of agents which implied his use of computers and his knowledge that computers contained illegal content; under totality of circumstances, sufficient evidence existed to establish that Appellant knowingly possessed child pornography discovered on computers confiscated from 743 Watkins Street; sufficient evidence also existed to prove Appellant possessed child pornography for purpose of dissemination; on September 15 and 18, 2013, Special Agent Tabak downloaded two child pornography videos from individual using file-sharing program to offer child pornography for download on BitTorrent network; Special Agent Tabak determined that individual who shared child pornography had used IP address associated with Appellant's residence;

examination of computer confiscated from Appellant's bedroom indicated it was computer used to download two child pornography videos copied by Special Agent Tabak; further examination of computer revealed that user had searched for, downloaded, and viewed those two child pornography videos on September 14, 2013; significantly, Appellant admitted he had used file-sharing program on computers located at 743 Watkins Street; thus, sufficient evidence also existed to support Appellant's dissemination of child pornography conviction). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2016

**IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA : CP-51-CR-0003422-2014

                    : 

                    :

CP-51-CR-0003422-2014 Comm. v. McNulty, James P.
Opinion

v.

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
7329486551

JAMES MCNULTY

**FILED**

AUG 0 7 2015

Criminal Appeals Unit
First Judicial District of PA

**OPINION**

**McDermott, J.**                                   **August 7, 2015**

## Procedural History

On January 7, 2014, the defendant, James McNulty, was arrested and charged with two counts of Dissemination of Photos of Child Sex Acts, one count of Criminal Use of Communication Facility, and fifty counts of Possession of Child Pornography. On June 17, 2014, the defendant entered into a non-negotiated guilty plea to two counts of Dissemination of Photos of Child Sex Acts, one count of Criminal Use of Communication Facility, and twenty-five counts of Possession of Child Pornography, before the Honorable Ann Butchart. Judge Butchart deferred sentencing until August 14, 2014, for the completion of pre-sentence and mental health reports. On August 14, 2014, the defendant filed a Motion to Withdraw his guilty plea, and on the same date, Judge Butchart granted the defendant's Motion.

On March 26, 2015, the case was transferred to this Court for trial. After a bench trial the same date, this Court found defendant guilty of all charges and revoked bail. On May 28, 2015, after a hearing, this Court determined the defendant was not a sexually violent predator. That same day, this Court sentenced defendant to concurrent terms of imprisonment of two to four



years for both counts of Dissemination of Photo of Child Sex Acts, a consecutive term of imprisonment of two to four years for Criminal Use of Communication Facility, and one year of probation for ten counts of Possession of Child Pornography, each to run consecutive to the other, for a total sentence of four to eight years of imprisonment followed by ten years of probation. No further penalty was imposed on the forty remaining charges of Possession of Child Pornography.

On June 12, 2015, the defendant filed a Notice of Appeal to the Superior Court. On June 16, 2015, this Court ordered the defendant to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). On June 25, 2015, the defendant filed a timely Statement.

**Facts**

On September 15, 2013, Special Agent Duane Tabak of the Pennsylvania Attorney General's Office's Child Predator Section conducted an investigation to identify individuals possessing and sharing child pornography using the BitTorrent file-sharing network.[1] On September 15, 2013, and again on September 18, 2013, Special Agent Tabak made a direct connection to a computer utilizing the IP address 68.82.141.16. This IP address was operating on the BitTorrent Network and was making child pornography publicly available for download. Special Agent Tabak successfully downloaded two video files depicting children, under the age of eighteen years old, engaging in sexual acts. N.T. 3/26/2015 at 45-47.

On October 24, 2013, Special Agent Tabak obtained a court order directing Comcast to release the subscriber information associated with IP address 68.82.141.16 for the dates of September 15 and September 18. On October 28, 2013, Special Agent Tabak received information pursuant to the order indicating that Wang Chang of 743 Watkins Street in

---

[1] BitTorrent is a file sharing Network that allows users to download and share files with others via the internet. N.T. 3/26/2015 at 39.

2

Philadelphia was the subscriber to that IP address. On December 16, 2013, Special Agent Tabak prepared a search warrant for 743 Watkins Street. N.T. 3/26/2015 at 52-53, 56, 58-59.

On December 16, 2013, Agent Kurt Smith, the Philadelphia Regional Supervisor from the Attorney General's Office's Child Predator Section, executed the search warrant on 743 Watkins Street. Agent Smith spoke with the defendant who confirmed that he and his brother, Justin McNulty, lived at 743 Watkins Street.[2] During the search of the residence, Agent Daniel Block testified to overhearing the defendant tell his brother the following statements: "I've downloaded some extreme stuff, but I always thought they were adults;" "No matter what, they're going to find something illegal;" "This is horrible shit. They got all my hard drives. How am I going to show my face around my kids now;" "I didn't get to say good-bye to my kids and my ass is getting locked up;" and "They are taking my IBM. Fuck." N.T. 3/26/2015 at 85-86, 107-08.

Law enforcement recovered seventy-five computer related items from the McNulty residence including multiple computers, loose hard drives, and other media storage devices. Law enforcement also seized a photo ID, a vehicle title, and other paperwork belonging to the defendant on the computer desk in the first-floor dining room.[3] There was no documentation pertaining to Justin McNulty in the vicinity of the computers. From what Agent Smith believed to be Justin McNulty's room, agents recovered a Comcast bill dated September 12, 2013, that was addressed to Wang Chang. From what Agent Smith believed to be the defendant's bedroom, agents recovered one Apple computer, one Apple Mac computer tower and one external storage device. When Agent Smith informed the defendant that the search was related to child

---

[2] Agent Smith later confirmed the defendant and Justin McNulty's addresses through Pa. Justice Network. N.T. 3/26/2015 at 87.

[3] The computers were found in the first-floor main room which combined both the living room and dining room. N.T. 3/26/2015 at 93-94.

3

pornography, the defendant responded, "people get twenty years for downloading." N.T. 3/26/2015 at 61, 92, 96-97, 101.

On November 24, 2014, Agent Braden Cook of the Attorney General's Forensic Unit examined the items seized from the defendant's residence. According to Agent Cook, nine items contained child pornography. An examination of an eMachines computer tower confiscated from the dining room of the McNulty residence revealed a user profile marked "JAMES." Under this user profile, Agent Cook discovered three child pornography videos and eighty-six Torrent files, indicative of child pornography, that were downloaded on January 31, 2011, and stored under the folder marked "Vuze."[4] N.T. 3/26/2015 at 124, 134-35, 137.

From an Apple Mac Minicomputer, seized from the dining room, Agent Cook recovered 508 child pornography images under the user profile marked "FirstLast." Also under this user profile, Agent Cook discovered four business documents belonging to the defendant including: a rejection letter from the Patent and Trademark Office addressed to the defendant and dated May 14, 2013; a letter addressed to Mr. Kurt Hughes from the defendant; an amendment name change document; and articles of amendment for "Holoco Incorporated," listing the defendant as Chairman and sole director. There was no relevant information discovered under the user profiles marked "GateVistaJames" and "VaioPrintJames." N.T. 3/26/2015 at 165-67.

Agent Cook examined a Compaq Presario C500 laptop computer, also confiscated from the dining room. There were two non-default user profiles associated with this laptop computer, one marked "JAMES" and the other marked "JUSTIN." Agent Cook retrieved twenty-four link files that were indicative of child pornography stored under the user profile "JAMES." Agent

---

[4] Vuze is a file-sharing program accessible on the BitTorrent network that allows users to share electronic files. N.T. 3/26/2015 at 38.

4

Cook did not discover any child pornography stored under the user profile "JUSTIN." N.T. 3/26/2015 at 168-69.

An examination of an Apple Power Mac G5 computer tower that agents seized from the defendant's bedroom revealed a user profile marked "JAMES." Under this user profile, Agent Cook discovered a Vuze file-sharing program and 843 child pornographic pictures that were downloaded on August 3, 2009. N.T. 3/26/2015 at 140-41.

Agent Cook examined an Apple iMac computer, also recovered from the defendant's bedroom, which revealed one child pornographic picture downloaded on January 12, 2012, and stored under a non-default user profile marked "USER." Elsewhere on this computer, Agent Cook discovered the two videos that Special Agent Tabak successfully downloaded on September 15, 2013 and September 18, 2013. Special Agent Tabak determined that both videos were searched and downloaded on September 14, 2013, and further determined that both videos were viewed on this computer. In an attempt to identify the user of this profile, Agent Cook examined other files located on this computer and found a video of the defendant with the file name "MeInCoat" and a picture of the defendant with the file name "FacePic." N.T. 3/26/2015 at 152, 154, 161-164.

On December 16, 2013, law enforcement issued an arrest warrant for the defendant. On January 7, 2014, the defendant surrendered. N.T. 3/26/2015 at 98-99.

Justin McNulty, the defendant's brother, testified on the defendant's behalf that Justin McNulty operated a computer repair business in his home. Justin McNulty recalled working on four customers' computers on December 16, 2013, and indicated that most of the computers confiscated from the first floor belonged to his customers. According to Justin McNulty, his employee, James Smith, who had been installing operating systems on the customers' computers

since 2002, was responsible for putting "JAMES" as the primary default account on these computers. Justin McNulty testified that the defendant carried his own laptop around with him and had used a separate Wi-Fi system from Clear Channel since 2005. Justin McNulty and his neighbor Wang Chang agreed to put the cable Wi-Fi service from Comcast in Wang Chang's name, creating an open network for both parties to use. N.T. 3/26/2015 at 182, 185-87, 198, 202.

Justin McNulty also presented alibi evidence that he picked up the defendant on Tuesday, September 10, 2013, from his probation meeting and transported him to Kelly Baran's residence in New Jersey. He believed the defendant remained in New Jersey until Friday, September 13, 2013, at which time he picked up the defendant and drove him to his residence at 743 Watkins Street in Philadelphia, where the defendant remained for the weekend. Justin McNulty then drove the defendant back to New Jersey on Sunday, September 15, 2013, where the defendant remained until September 20, 2013. N.T. 3/26/2015 at 205-06.

Kelly Baran, the mother of the defendant's children, testified on behalf of the defense. Baran testified that in September of 2013, the defendant would stay with her at her home located in National Park, New Jersey and with his brother in Philadelphia. Baran stated that the defendant was in New Jersey the week before his daughter's birthday on September 20, 2013, and departed the night of September 20, 2013. N.T. 3/26/2015 at 254-55, 257, 259.

The defendant testified to being in New Jersey on the 15 and 18 of September, 2013. The defendant admitted to using the computers agents confiscated from 743 Watkins Street, but specified that he worked primarily on a computer that he kept in his possession. The defendant denied downloading any child pornography on any computers and stated that he never set up the user profile "JAMES." N.T. 3/26/2015 at 224-25, 229-30, 237, 240.

6

<u>**Issues**</u>

The defendant claims that the evidence was insufficient to support his convictions because the Commonwealth failed to establish the defendant knowingly disseminated or possessed computer depictions of children engaging in a prohibited sexual act or that the defendant knowingly controlled child pornography.

Evidence presented at trial is sufficient when, viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence and all reasonable inferences derived therefrom are sufficient to establish all elements of the offense beyond a reasonable doubt. *Commonwealth v. Baumhammers*, 960 A.2d 59, 68 (Pa. 2008). The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. *Commonwealth v. Estepp*, 17 A.3d 939, 943 (Pa. Super. 2011) (*citing Commonwealth v. Brooks*, 7 A.3d 852, 856-57 (Pa. Super. 2010)). The fact-finder is free to believe all, part, or none of the evidence, and credibility determination rest solely within the purview of the fact-finder. *Commonwealth v. Treiber*, 874 A.2d 26, 30 (Pa. 2005).

The defendant claims that the evidence is insufficient to prove he controlled child pornography. 18 Pa.C.S. § 6312(d) establishes that a person is guilty of Sexual Abuse of Children if:

> Any person intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act.

*Commonwealth. v. Diodoro*, 970 A.2d 1100, 1107 (Pa. 2009). The Commonwealth need not establish that an individual controlled the child pornography to prove a violation of the statute if it can prove that a defendant knowingly possessed the child pornography. *Id.* at 1107.

7

Possession can be proven by showing actual possession or by showing constructive possession. *Commonwealth v. Thompson*, 93 A.3d 478, 490 (Pa. Super. 2014). Courts have defined constructive possession as "the ability to exercise a conscious dominion over the material; the power of control and the intent to exercise that control." *Commonwealth v. Hanson*, 82 A.3d 1023, 1035 (Pa. 2013).

Constructive possession can be proven by circumstantial evidence and the requisite knowledge and intent may be inferred from examination of the totality of the circumstances. *Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004). For example, in *Commonwealth v. Davidson*, the Superior court held that the evidence was sufficient to establish that defendant knowingly possessed images of child pornography that were found on his computer. The Commonwealth presented evidence that the defendant was the owner and administrator of the computer and each of the twenty-eight pornographic photographs appeared in more than one place on the defendant's computer. *Commonwealth v. Davidson*, 860 A.2d 575, 581 (Pa. Super. 2004) *aff'd*, 938 A.2d 198 (Pa. 2007).

Similarly, in *Commonwealth v. Koehler*, the Superior Court held that the evidence was sufficient to support the defendant's convictions of Sexual Abuse of Children and Possession of Child Pornography. There, the evidence consisted of a screen name and a systems properties name all referring in some respects to the defendant's proper name. The evidence also demonstrated that the defendant had ownership, use, and the ability to access the computer and the child pornography. Based on the totality of the circumstances, the court reasonably inferred that the defendant was the person who possessed the child pornography. *Commonwealth v. Koehler*, 914 A.2d 427, 437 (Pa. Super. 2006).

8

Other factors utilized by courts to determine whether a defendant possessed child pornography include: the defendant's ability to retain, download, save or print the image, the defendant's assertive steps that led to the downloading of child pornography images, and the defendant's knowledge of the existence of the images of child pornography. *Diodoro*, 970 A.2d at 1107 (holding that the evidence was sufficient to find the defendant guilty of Possession of Child Pornography where the defendant had 340 images of child pornography images stored on his hard drive.)

In the instant case, the evidence establishes that the defendant knowingly possessed the child pornography discovered on the computers confiscated from 743 Watkins Street. The defendant resided at 743 Watkins Street and confirmed that he and his brother were the only occupants of the residence. N.T. 3/26/2015 at 87. Agent Smith conducted a search on the Pennsylvania Justice Network ("JNET") which verified that Justin and James McNulty were the residents of 743 Watkins Street. *Id.* In addition, agents recovered mailing and personal documents addressed to the defendant from the computer desk located in the dining room identifying his address as 743 Watkins Street. *Id.* at 95-96. Such facts are sufficient to prove the defendant had control over the entire premises, including the areas where the computers containing child pornography were located.

The pornographic files Agent Cook discovered on the seized computers provided further support that the defendant had control and access to the child pornography. From the eMachines computer tower, the Apple Mac Minicomputer and the Compaq Presario laptop computer, all seized from the dining room, Agent Cook collectively retrieved four personal documents belonging to the defendant, 508 child pornography images, three child pornographic videos, and 100 link files indicative of child pornography. N.T. 3/26/2015 at 134, 137-38, 166, 168. From the

9

Apple Power Mac G5 computer tower and Apple iMac computer, both confiscated from the defendant's bedroom, Agent Cook collectively discovered a video of the defendant named "MeInCoat," a photograph of the defendant named "FacePic," 844 pornographic images, and two video files indicative of child pornography. *Id.* at 140, 152, 163.

956 out of the 1,466 child pornography files found by Agent Cook were stored under folders or user names marked "JAMES." No pornographic material was found under the user profile marked "JUSTIN" N.T. 3/26/2015 at 169. For the 510 child pornography files stored under generic user profiles, Agent Cook discovered items that identified the defendant as the user of these computers. On the Apple iMac computer seized from the defendant's bedroom, Agent Cook discovered a video of the defendant with the file name "MeInCoat," and a picture of the defendant with the file name "FacePic." *Id.* at 163. On the Apple Mac minicomputer confiscated from the dining room, Agent Cook discovered four business documents belonging to the defendant. This evidence provides indicia of the defendant's control and ownership of the child pornography. *Id.* at 166.

Additionally, the evidence established that the defendant had the intent to exercise control over the child pornography. Intent to exercise control over material may be established by knowledge of its presence. *Commonwealth v. Bricker*, 882 A.2d 1008, 1016 (Pa. Super. 2005). According to both Agent Smith and Agent Block, the defendant admitted: (1) "They got all my hard drives . . ."; (2) "I've downloaded some extreme stuff, but I always thought they were adults"; and (3) "People get twenty years for downloading." N.T. 3/26/2015 at 89, 107-08. The defendant's comments provide evidence that the computer hard drives belonged to him and that he knew the computers contained illegal content. In reviewing the totality of the

circumstance, the evidence establishes that the defendant knowingly possessed material depicting children engaging in prohibited sexual acts.

Next, the defendant claims that evidence was insufficient to show that he possessed child pornography for the purpose of dissemination. To be convicted under 18 Pa.C.S. § 6312(c), the Commonwealth must prove beyond a reasonable doubt, that: (1) there was a depiction of an actual child engaged in a prohibited sexual act or simulation of such act; (2) the child must be under the age of 18; and (3) defendant knowingly sold, distributed delivered, disseminated, transferred, displayed or exhibited the depiction to others, or possessed the depiction for the purpose of sale, distribution, delivery, dissemination, transfer, display or exhibition to others. *Commonwealth. v. McCue*, 487 A.2d 880, 883 (Pa. Super. 1985). The meaning of "disseminate" includes the act of spreading, sending, fostering general knowledge of, broadcasting, or publicizing. *Commonwealth v. Hacker*, 959 A.2d 380, 389 (Pa. Super. 2008) *rev'd on other grounds*, 15 A.3d 333 (Pa. 2011).

As discussed *supra*, the evidence sufficiently established the defendant knowingly possessed the pornographic files. The evidence also establishes that the defendant knowingly disseminated depictions of child pornography. On the 15 and 18 of September, 2013, Special Agent Tabak downloaded two child pornography files from an individual using a Vuze file-sharing program to offer child pornography on the BitTorrent Network. N.T. 3/26/2015 at 45-47. Special Agent Tabak determined that the individual offering the pornography utilized an IP address associated with the defendant's residence. *Id.* at 159.

An examination of an Apple iMac computer confiscated from the defendant's bedroom indicated that this computer was used to download the two video files Special Agent Tabak copied on the 15 and 18 of September, 2013. According to Agent Cook, these video files were

searched for, downloaded, and viewed on this Apple iMac computer on September 14, 2013, using a Vuze file-sharing program. *Id.* at 159, 160, 162.

The defendant admitted to using the computers located at 743 Watkins Street, and further admitted to using a Vuze file-sharing program. N.T. 3/26/2015 at 232. This Court concluded that the defendant, who had two personal files stored on the same Apple iMac computer that also contained the two child pornography videos Special Agent Tabak downloaded on September 15 and 18, 2013, was the user of the computer and the individual who offered the file for public download on the BitTorrent Network. Therefore, the evidence is sufficient to establish the defendant disseminated child pornography using a Vuze file-sharing program.

For the foregoing reasons, defendant's judgment of sentence should be affirmed.

BY THE COURT,

Barbara A. McDermott, J.

12

**Commonwealth v. James McNulty, CP-51-CR-0003422-2014**

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing filing upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa. R. Crim. P. 114:

Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
Attn: Hugh Burns, Esquire

**Type of Service:**      **Hand Delivery**

John McMahon, Esquire
139 N. Croskey Street
Philadelphia, PA 19103

**Type of Service:**      **Certified Mail**

**Dated: August 7, 2015**

**Arly Smith-Pearson**
**Law Clerk to the**
**Honorable Barbara A. McDermott**