J-S05042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN DENNIS LUCHI, | |
| Appellant | No. 2256 MDA 2015 |

Appeal from the Judgment of Sentence September 11, 2015
in the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0003848-2013

BEFORE: BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 01, 2017**

Appellant, John Dennis Luchi, appeals from the judgment of sentence imposed pursuant to his jury conviction of six counts each of dissemination of child pornography and criminal use of a communication facility, and ten counts of possession of child pornography.[1]  Specifically, he challenges the sufficiency of the evidence to support his convictions.  We affirm on the basis of the trial court's opinion.

In its opinion, the trial court fully and correctly sets forth the relevant factual and procedural history of this case.  (**See** Trial Court Opinion, 6/24/16, at 1-6).  Therefore, we have no reason to restate them here.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6312(c), 7512(a), and 6312(d), respectively.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, we conclude that there is no merit to the issues Appellant has raised on appeal. The trial court opinion properly disposes of the questions presented. (**See** Trial Ct. Op., at 7-9) (finding that Commonwealth presented sufficient evidence to prove that Appellant: (1) knowingly disseminated child pornography pursuant to 18 Pa.C.S.A. § 6312(c); (2) intentionally viewed or possessed videos depicting children engaging in prohibited sexual acts or simulation of such act, in violation of 18 Pa.C.S.A. § 6312(d); and (3) used a communication facility to commit, cause, or facilitate commission of these crimes, in violation of 18 Pa.C.S.A. § 7512(a)). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2017

11TH JUDICIAL DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE COURT OF COMMON PLEAS |
| | : OF LUZERNE COUNTY |
| | : |
| v. | : |
| | : CRIMINAL DIVISION |
| | : |
| | : |
| JOHN DENNIS LUCHI | : |
| Defendant / Appellant | : NO. 3848 OF 2013 |
| | : |

## OPINION

BY:    THE HONORABLE DAVID W. LUPAS

I.    **FACTUAL AND PROCEDURAL HISTORY**

As the result of a Pennsylvania State Police Computer Crime Unit investigation, the Luzerne County District Attorney's Office filed a Criminal Information charging the above named Defendant with six (6) counts of dissemination of child pornography,[1] ten (10) counts of possession of child pornography,[2] and six (6) counts of criminal use of communication facility.[3] The Defendant pleaded not guilty to the crimes charged and a jury trial commenced on May 11, 2015. The evidence presented at trial revealed the following in support of the charges against the Defendant:

On four separate dates in 2012, using computer software that detected computers offering child pornography for sharing and download, the Pennsylvania State Police Computer Crime Unit downloaded video files depicting child pornography offered from a particular computer through Ares, an internet based, peer-to-peer file sharing

---

[1] 18 Pa.C.S.A. § 6312(c)(1).
[2] 18 Pa.C.S.A. § 6312(d)(1).
[3] 18 Pa.C.S.A. § 7512(a).

1

program.[4]  N.T. 5/11/15 at 72-75, 165-167.  The video files bore file names suggestive of child pornography.  *Id*. at 79, 81-82, 166-167.  The Computer Crime Unit then obtained court orders for electronic disclosure which were served on Penteledata, the applicable internet service provider, seeking the IP subscriber's name and billing information.  *Id*. at 76-77, 168-169.[5]  Following the response from the internet service provider, a search warrant was obtained for the Defendant's residence.  *Id*. at 114, 171-172.

The Defendant was present when the search warrant was executed on April 9, 2013, and he was provided with a copy of the warrant.  *Id*. at 118-119, 175-176.  The warrant contained the file names and descriptions of the contents of the files which had been downloaded by the Computer Crime Unit from the computer associated with IP address 70.15.81.192.  *Id*. at 173, 194-196.  After being advised of his Miranda rights, the Defendant signed a Pennsylvania State Police Rights Warning and Waiver acknowledging that he had been advised of such rights, understood them, and was willing to answer questions without an attorney present.  *Id*. at 119, 121-122, 175.  When police explained the items covered by the warrant, including the file names and descriptions of the videos that had been downloaded from his computer, the Defendant acknowledged that he had seen the videos.  *Id*. at 176.  He also acknowledged that the

---

[4] The Ares software program is available online as a free, downloadable program enabling a user to place files in, and retrieve and download files from, a shared folder accessible to other Ares users. N.T. 5/11/15 at 46-50.  In order to find and view files on other users' computers, a user types in a search term or terms. *Id*. at 56-57, 181.  A search generates a list of results displayed by file name, and the user may then choose particular files to download.  *Id*. at 181-182.  As acknowledged by the Defendant, in order to download a file, the user must manually download it, and when a file is in the shared file folder that file is then open for dissemination to other Ares users. *Id*. at 69-70, 181, 335-336, 340-341.

[5] The particular computer from which the videos in this case were downloaded was identified through its unique IP address, 70.15.81.192.  *Id*. at 166, 169.  The parties stipulated that the Defendant was the subscriber for that particular IP address. *Id*. at 215-216.  The internet service and the IP address were secure and protected by a passcode. *Id*. at 225.

2

Ares software was installed on his computer and that he was familiar with such peer-to-peer file sharing software. _Id_. Further, the Defendant told police that he had downloaded videos containing child pornography into the Ares shared folder, and from there had transferred them onto an external hard drive. _Id_. at 177, 202-204. The Defendant indicated to the police that he understood child pornography to involve persons under eighteen years of age. _Id_. at 177-178. He also acknowledged to police that he had watched a video containing child pornography two weeks prior to the execution of the search warrant. _Id_. at 178.

Various computers and electronic storage devices were removed from the Defendant's residence pursuant to the search warrant. _Id_. at 123-124, 129-136, 179. The Defendant, who lived alone, indicated to police that he was the only person who used and had access to this equipment. _Id_. at 179. The evidence taken from the Defendant's residence pursuant to the search warrant was examined for data depicting child pornography. _Id_. at 179, 231. It was determined that the Ares software was loaded onto two laptop computers, and that file sharing was enabled. _Id_. at 237-238. It was further determined that videos depicting child pornography were located on one of the laptops, and had been saved to external hard drives. _Id_. at 239-240, 242, 245, 247-250, 259.[6] The Computer Crime Unit's analysis of the evidence also discovered multiple Ares software download references containing terms suggestive of depictions of child pornography. _Id_. at 269.

---

[6] At trial, although the Defendant initially denied knowing how the video files depicting child pornography were moved from the computer into a file marked "personal" on the external hard drive, he acknowledged that as the only user of the computer, he himself would have had to move the files onto the hard drive. N.T. 5/11/15 at 334.

3

At trial, the Defendant acknowledged that the files discovered on his computer and external hard drive depicted child pornography and that the files were in the shared file folder for dissemination to others, but he insisted he had downloaded the files by accident. Id. at 343. On cross-examination, however, the Defendant acknowledged that he was the only person who could have downloaded the files, and that he was the only person who could have put the files into the shared file folder. Id. at 340-342, 354.

On May 15, 2015, the jury returned verdicts of guilty on all twenty-two (22) counts. A Pre-Sentence Investigation (PSI) and a Sexual Offender Assessment Board evaluation were ordered to be completed, and a sentencing hearing was conducted on September 11, 2015. Following review of the PSI, the Defendant was sentenced to an aggregate term of incarceration of ten (10) to twenty (20) years in a state correctional institution, followed by a period of six years' probation. The Defendant was advised of his post-sentence rights before the hearing concluded.

On September 21, 2015, the Defendant filed a counseled Motion for Post-Sentence Relief, seeking judgment of acquittal or a new trial on weight and sufficiency of the evidence grounds, a new sentencing hearing, and reconsideration of the Defendant's sentence. Following a hearing, the motion was denied on November 19, 2015, and the Defendant was advised of his appellate rights. N.T. 11/19/15 at 7.

On December 18, 2015, the Defendant filed a counseled Notice of Appeal. By order of January 7, 2016, the Defendant was directed to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) and the Commonwealth was requested to respond thereto. After being granted extensions of time in which to do

4

so, the Defendant's counseled Rule 1925(b) Statement was submitted on March 31, 2016, and the Commonwealth filed its response on April 15, 2016.

The Defendant raises seven (7) issues on appeal as outlined in his Concise Statement of Errors Complained of on Appeal. The first six issues challenge the sufficiency of the evidence presented to support the Defendant's convictions, while the last issue asserts that the verdicts were against the weight of the evidence presented.

Regarding the sufficiency of the evidence to support his conviction for violation of Section 6312(c)(1), the Defendant asserts that the Commonwealth failed to prove the element of "knowingly sells, distributes, delivers, disseminates, transfers, displays or exhibits to others," and further asserts that "the jury could only speculate among conflicting interests as to the element of 'knowingly sells, distributes, delivers, disseminates, transfers, displays or exhibits to others.'" Defendant's Rule 1925(b) statement at ¶ 1, 2.[7]

Regarding the sufficiency of the evidence to support his conviction for violation of Section 6312(d)(1), the Defendant asserts that the Commonwealth failed to prove the element of "knowingly possesses or controls any ... videotape or computer depiction," and further asserts that "the jury could only speculate among conflicting interests as to

---

[7] At the time the Defendant was charged, Section 6312(c)(1) directed that:
> Any person who knowingly sells, distributes, delivers, disseminates, transfers, displays or exhibits to others, or who possesses for the purpose of sale, distribution, delivery, dissemination, transfer, display or exhibition to others, any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

18 Pa.C.S.A. § 6312(c)(1). Section 6312 has since been amended, but the amendment did not alter the definitions of the crimes set forth under Sections 6312(c) or (d). The Court notes that the Defendant does not dispute that the videos in question depicted children under the age of 18 engaging in a prohibited sexual act or the simulation of such an act.

5

the element of 'knowingly possesses or controls any ... videotape or computer depiction.'" *Id.* at ¶ 3, 4.[8]

Regarding the sufficiency of the evidence presented to support his conviction for violation of Section 7512, the Defendant asserts that the Commonwealth failed to prove that he "used a communication facility to commit, cause or facilitate the commission of [sexual abuse of children – dissemination of child pornography], and further asserts that "the jury could only speculate among conflicting interests as to the element of 'used a communication facility to commit, cause or facilitate the commission of [sexual abuse of children – dissemination of child pornography].'" *Id.* at ¶ 5, 6.[9]

In addition to challenging the sufficiency of the evidence presented to support his convictions, the Defendant asserts that the verdicts were against the weight of the evidence because they were based on "inconsistent testimony from witnesses who had a motive to lie and who were not credible." *Id.* at ¶ 7.

This matter is now ripe for an Opinion addressing the alleged errors raised by the Defendant. For the reasons set forth below, we believe the Defendant's allegations of error are without merit and, therefore, the verdicts and judgment of sentence should be affirmed.

---

[8] At the time the Defendant was charged, Section 6312(d)(1) directed that "[a]ny person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense." 18 Pa.C.S.A. §§ 6312(d)(1).

[9] Section 7512(a) directs that:

> A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act. Every instance where the communication facility is utilized constitutes a separate offense under this section.

18 Pa.C.S.A. § 7512(a) (footnote omitted).

6

## II.   LAW AND DISCUSSION:

It is well-established that the test for sufficiency of the evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Forrey*, 108 A.3d 895, 897 (Pa. Super. 2015) (citing *Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014)); *Commonwealth v. Robertson-Dewar*, 829 A.2d 1207, 1211 (Pa. Super. 2003). "The evidence does not need to disprove every possibility of innocence, and doubts as to guilt, the credibility of witnesses, and the weight of the evidence are for the fact-finder to decide." *Forrey*, *supra*. Further, "[t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Robertson-Dewar*, *supra*.

A review of the entire record in this matter, including the trial transcript, clearly indicates that the evidence was more than sufficient to enable a jury to find the Defendant guilty of the crimes charged. As set forth above, the evidence presented, including the Defendant's own testimony, established that the Defendant downloaded and used Ares file sharing software on a computer with the IP address 70.15.81.192, with knowledge that the software enabled him to place files in, and retrieve and download files from, a shared folder accessible to other Ares users. Additionally, the evidence established that videos depicting children under the age of 18 years engaging in a prohibited sexual acts or in the simulation of such acts were downloaded onto this computer using the Ares software, and placed in a shared folder, allowing other Ares users to access them. The evidence further established that the videos in question

7

were also saved onto the computer's internal and external hard drives. The placement of the videos in the Ares shared folder allowed the videos to be accessed and downloaded by the State Police Computer Crime Unit. Credible police testimony indicated that the Defendant acknowledged to them that he understood child pornography to involve persons under eighteen years of age, and the Defendant agreed on cross examination that the videos in question depicted child pornography. The Defendant himself acknowledged that he understood that the computer equipment on which the videos in question were found was under his exclusive control, that the IP address for the computer was registered to his physical address, and that he was the sole occupant of that address. Further, when specifically asked how the videos came to be on his computer equipment, the Defendant acknowledged "it had to be me." N.T. 5/11/15 at 354.

As such, the Commonwealth presented sufficient evidence at trial to prove that (1) the Defendant knowingly distributed, delivered, disseminated, transferred, displayed or exhibited to others, or possessed for the purpose of sale, distribution, delivery, dissemination, transfer, display or exhibition to others, videos depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act, in violation of Sections 6312(c)(1); (2) the Defendant intentionally viewed or knowingly possessed or controlled videos depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act, in violation of Section 6312(d)(1); and (3) the Defendant used a communication facility to commit, cause or facilitate the commission of these crimes, in violation of Section 7512(a).

8

Thus, in light of the evidence presented at trial and the applicable case and statutory law, the Defendant's convictions were properly supported. See *Commonwealth v. Diodoro*, 601 Pa. 6, 7, 970 A.2d 1100, 1100 (2009) (Accessing and viewing child pornography over the internet constitutes control of such pornography under 18 Pa.C.S.A. § 6312(d)); *Commonwealth v. Colon-Plaza*, __ A.3d __ , 2016 WL 7694572016 (Pa. Super 2016) (Conviction for violating Section 6312(d) upheld where child pornography was placed on laptop under the defendant's access and control, the defendant admitted using the Ares program on the laptop in the past, and forensic study revealed a history of frequent child pornography-related word searches, image viewing, and video downloading); *Commonwealth v. Davidson*, 860 A.2d 575, 581 (Pa. Super. 2004), *aff'd*, 595 Pa. 1, 938 A.2d 198 (2007) (Conviction affirmed where the defendant asserted that there were so many images on his computer and so few images of child pornography in comparison as to raise an inference that he did not know the pornography existed at all, but Superior Court found that (1) the images were found in more than one location on the computer's hard drive, (2) the defendant was the admitted builder, owner, and administrator of his computer with specialized computer knowledge, and (3) he admitted downloading pornography "randomly."); *Commonwealth v. McCue*, 487 A.2d 880, 883 (Pa. Super. 1985) (Holding that "transfer" within the context of § 6312(c) means a change of possession from one person to another).

Regarding a claim that the verdict is against the weight of the evidence, weight of the evidence is exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. McCloskey*, 835 A.2d 801, 809 (Pa. Super. 2003). In reviewing a weight of the

9

evidence claim, the court must be guided by the principle that relief should be granted only if it finds that the verdict is so contrary to the weight of the evidence that it shocks one's sense of justice. *Commonwealth v. Swartz*, 615 A.2d 350 (Pa. Super. 1992).

Here, we do not hesitate in concluding that there was more than enough evidence presented to enable the jury to find the Defendant guilty of the crimes charged. We do not believe that the verdicts reached in this matter would shock the conscience of a reasonable person reviewing the evidence as it was presented to the jury at the time of trial. Having presided over the trial in this matter, the jury clearly believed the Commonwealth's witnesses and evidence over that which was presented by the Defense. Based upon the jury's decision, it is obvious to this Court that the jury also resolved all issues of credibility in favor of the Commonwealth's witnesses and against the Defense. The jury was free to believe all, part, or none of the testimony of the witnesses. Taking into consideration the amount of evidence presented, the Defendant's allegation that the verdicts were against the weight of the evidence simply lacks merit.

For the foregoing reasons, the Defendant's appeal should be denied in its entirety, and the verdicts and judgment of sentence affirmed.

**END OF OPINION**

10